IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM HENDERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CARGILL PACKING PLANT, ) <br> ) <br> Defendants. ) <br> ) | Case No. 18-1253-JTM-GEB |

## ORDER

The Court has reviewed plaintiff William Henderson's Complaint (ECF No. 1), Motion to Proceed Without Prepayment of Fees (ECF No. 3), and Motion for Appointment of Counsel (ECF No. 4). Although the Court **GRANTS** Plaintiff's Motion to Proceed Without Prepayment of Fees (**ECF No. 3**), the Court requires Plaintiff to amend his complaint. Additionally, the Court takes Plaintiff's Motion for Appointment of Counsel (**ECF No. 4**) **under advisement**, pending both amendment of the Complaint and supplementation of the Motion as ordered below.

**I.     Motion to Proceed Without Payment of Fees (ECF No. 3)**

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof."

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).

"Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] To determine whether a party is eligible to file without prepayment of the fee, the Court commonly reviews that party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[3] In his application and financial affidavit (ECF No. 3, 3-1, *sealed*), Plaintiff indicates he is currently employed. However, he possesses minimal assets, and his monthly expenses exceed his monthly income. In keeping with the Court's liberal policy toward permitting proceedings *in forma pauperis*,[4] and after careful review of Plaintiff's Motion and Affidavit of Financial Status (ECF No. 3, 3-1 *sealed*), the Court finds he is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees **(ECF No. 3)** is **GRANTED**. A grant of *in forma pauperis* status to a filing party would normally invoke service of process by the clerk of court under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). However, in light of this Court's order requiring Plaintiff to file an amended complaint (*see* Section II below), the clerk is directed to **stay service** of process pending Plaintiff's filing of an amended complaint and the Court's review of the amendment.[5]

---

[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).
[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2000 WL 1162684, at *1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL-DJW, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).
[4] *See generally, Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).
[5] *See Webb v. Vratil*, No. 12-2588-EFM-GLR, ECF No. 7 (D. Kan. Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)).

## II. Sufficiency of Plaintiff's Complaint (ECF No. 1)

Although the Court grants Plaintiff's request to proceed without payment of fees, this authority to proceed is not without limitation. On review of the Complaint, the Court determines Plaintiff's Complaint, on its face, requires amendment for this case to proceed.

### A. Background

In the Complaint, Plaintiff states he is suing the Cargill Packing Plant for employment discrimination under Title VII of the Civil Rights Act of 1964[6] and under the Age Discrimination in Employment Act.[7] (ECF No. 1 at pp. 2-3). He indicates the discrimination occurred on November 16, 2017 at 9:00 a.m. (ECF No. 1 at p. 8), and generally Defendant failed to hire him because of his race or color, and because of his age (*Id*. at p. 9). Plaintiff discloses he filed a charge of discrimination with the Kansas Human Rights Commission and with the U.S. Equal Employment Opportunity Commission ("EEOC"), and includes a copy of his Dismissal and Notice of Rights mailed to him from the EEOC on June 19, 2018. (*Id*. at p. 11.)

However, Plaintiff's brief statement of the essential facts of his claim, on pages 9 and 10 of his Complaint, is difficult to understand, at best. Plaintiff mentions an unnamed female at Cargill's employment office, where he completed an application. (ECF No. 1 at p. 10.) He references the date June 7, 2018; however, in another section of his Complaint, he indicates the discriminatory act took place on November 16, 2017.

---

[6] 42 U.S.C. §§ 2000e et seq.
[7] 29 U.S.C. §§ 621 et seq.

There is no indication of how these dates relates to his claims or what occurred on each date. (*Compare* Complaint, ECF No. 1 at p. 8, citing November 16, 2017, *with* p. 10, citing June 7, 2018.) He indicates he went to work for a staffing service in the same building as Cargill, and was contacted by phone by Cargill while working for the staffing service, but does not describe how these alleged facts relate to his claims. (*Id*. at p. 10.)

But these meager facts are the extent of the information provided by Plaintiff in his Complaint. No other facts are given regarding why Plaintiff perceived Cargill's failure to hire him as discrimination, or what Cargill did that violated Plaintiff's rights. No conduct is specifically described, and the dates listed by Plaintiff are confusing. And, although in one section of the Complaint form, Plaintiff contends he would like to be compensated for his hardship and damages, his requested relief is difficult to understand.[8]

### B. Legal Standard

When reviewing an *in forma pauperis* application under 28 U.S.C. § 1915, sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit.[9] Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the

---

[8] Plaintiff's demand on page 4 of the form Civil Complaint states, "I would like to be conversatus[sic] heartship [sic], punitive, [illegible] amount, one millons[sic] dollars, for damages." The "Request for Relief" section on page 10 of his form Employment Discrimination Complaint was left blank.

[9] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

4

action."[10] After application of these standards, Plaintiff is ordered to file an amended complaint to avoid a recommendation of dismissal for the reasons set forth below.

This Court reviews the sufficiency of Plaintiff's Complaint under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[11] Plaintiff "must allege sufficient facts to state a claim which is plausible—*rather than merely conceivable*—on its face."[12] "Factual allegations in a complaint must be enough to raise a right to relief above the speculative level."[13]

Because Plaintiff proceeds pro se, his pleadings must be liberally construed.[14] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[15] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[16] Fed. R. Civ. P. 8 "demands more than naked assertions."[17]

Ultimately, the court must ascertain whether Plaintiff's claim provides the defendant with sufficient notice of his claims such that the defendant could prepare an

---

[10] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).
[11] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[12] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).
[13] *Kay,* 500 F.3d at 1218 (citing *Twombly*, 550 U.S. at 555) (internal citations omitted).
[14] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[15] *Id*.
[16] *Mays v. Wyandotte County Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
[17] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).

appropriate answer.[18]  Under Rule 8(a), a complaint must contain three minimal pieces of information:  (1) the pleading should contain a short and plain statement of the claim showing that the plaintiff is entitled to relief; (2) a short and plain statement of the grounds for the court's jurisdiction; and (3) a statement of the relief requested.  If the court finds any of these requirements absent, even after affording liberal construction to plaintiff's Complaint, the court "is compelled to recommend that the action be dismissed."[19]  If the complaint is "too general," then it does not accomplish these purposes.[20]  Similarly, "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim."[21]

C. **Discussion**

After review of the Complaint, this Court finds the document, on its face, does not comply with the pleading requirements of Rule 8.  Plaintiff clearly names the defendant, Cargill Packing Plant, and cites the federal employment discrimination statutes which would supply jurisdiction over his claims.  However, Plaintiff's statement of the "essential facts" of his claim (found in ECF No. 1, paragraph 10, pages 9-10) lacks sufficient information to support his claim of employment discrimination.  The absence

---

[18] *See Snider v. Burton*, No. 15-1043-JTM-KGG, 2015 WL 1442096, at *1 (D. Kan. Mar. 30, 2015) (citing *Monroe v. Owens*, 38 F. App'x 510, 515 (10th Cir. 2002)) (adopting report and recommendation).
[19] *Snider*, 2015 WL 867423, at *2 (citing requirements under Rule 8), *report and recommendation adopted,* No. 15-1043-JTM, 2015 WL 1442096 (D. Kan. Mar. 30, 2015)
[20] *See Henderson v. Ojile*, No. 97-4098-SAC, 1997 WL 723432, at *2 (D. Kan. Oct. 31, 1997) (citing *Boston & Maine Corp. v. Town of Hampton*, 987 F.2d 855, 865 (1st Cir.1993)).
[21] *Id*. (quoting *Bryan v. Stillwater Board of Realtors*, 578 F.2d 1319, 1321 (10th Cir.1977)); *see also Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).

of facts makes it impossible for Defendant to have fair notice of what is being alleged against it.[22]

Rule 8 does not require Plaintiff to state precisely each element of his claim or describe every fact with specific detail, but it does require him to set forth sufficient factual allegations on which a recognized legal claim could be based.[23] In short, while Rule 8(a) relieves Plaintiff from pleading technicalities and from alleging detailed facts that establish a right to judgment, it still requires minimal factual allegations on the material elements that must be proved to recover damages.[24] And, while *pro se* pleadings are liberally construed, the Court cannot craft legal theories or supply factual allegations for a *pro se* plaintiff.[25]

Rather than recommending Plaintiff's claim for dismissal,[26] however, the Court extends latitude to him as a *pro se* litigant, and will permit him the opportunity to amend his Complaint to fully comply with Rule 8. Plaintiff must file an amended complaint which does the following:

- specifically explains what each named defendant did to him;
- when each defendant did it;
- how each defendant's action harmed him;

---

[22] *Weaver v. City of Topeka*, No. 94-4224-SAC, 1995 WL 783628, at *7 (D. Kan. Dec. 12, 1995), *aff'd*, 103 F.3d 145 (10th Cir. 1996) (holding complaint offering no facts to support legal conclusion fails to give defendants fair notice).
[23] *Henderson*, 1997 WL 723432, at *2; *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[24] *Id.*
[25] *Abdelsamed v. United States*, 13 F. App'x 883, 884 (10th Cir. 2001).
[26] *See, e.g., Estate of Haynes ex rel. Haynes v. U.S. V.A. Hosp.*, No. 08-1175-JTM (Order, ECF No. 4, Aug. 5, 2008) (ordering the pro se plaintiff to supplement her complaint to clarify the details of her claims); and *Estate of Haynes ex rel. Haynes v. U.S. V.A. Hosp.*, No. 08-1175-JTM, 2008 WL 4299855, at *1 (D. Kan. Sept. 15, 2008) (accepting plaintiff's supplement and granting plaintiff's request for appointment of counsel).

- what specific legal right Plaintiff believes each defendant violated; and[27]
- the specific types of relief Plaintiff seeks, including the amount of damages claimed and the reasons Plaintiff believes he is entitled to such damages.

The Court notes Plaintiff initially completed two separate Complaint forms—a general "Civil Complaint" form (*see* ECF No. 1, at pp. 1-6) and the Court's "Employment Discrimination Complaint" form (*see* ECF No. 1, at pp. 7-12), which were then filed together as a single Complaint. This conceivably created some confusion. To perhaps make this process more streamlined, Plaintiff is encouraged to utilize and fully complete only the "Employment Discrimination Complaint" form, available at:

*http://ksd.uscourts.gov/index.php/forms/?open=SelfRepForms*

rather than attempting to complete both Court-provided form complaints. As explained above, however, Plaintiff must provide a more detailed and cohesive explanation of the facts supporting his claims in paragraph 10 of that form.

**IT IS THEREFORE ORDERED** that by no later than **December 28, 2018,** Plaintiff must file an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this Order.

### III.    Motion for Appointment of Counsel (ECF No. 4)

There is no constitutional right to counsel in a civil action. An evaluation of whether to appoint counsel requires consideration of those factors discussed by the Tenth

---

[27] *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice* Ctr., 492 F.3d 1158, 1163 (10th Cir. 2007).

Circuit Court of Appeals in *Castner v. Colorado Springs Cablevision*,[28] including: (1) the plaintiff's ability to afford counsel, (2) the plaintiff's diligence in searching for counsel, (3) the merits of the plaintiff's case, and (4) the plaintiff's capacity to prepare and present the case without the aid of counsel. Thoughtful and prudent care in appointing representation is necessary so that willing counsel may be located,[29] and the court has an obligation to volunteer counsel not to make indiscriminate appointments on every occasion that a plaintiff seeks court-ordered counsel.[30]

After careful consideration, the Court is unable to decide Plaintiff's request at this time. Plaintiff has satisfied the first prong of the *Castner* analysis; namely his inability to afford counsel. However, he fails to satisfy the second prong of the analysis—diligence in seeking counsel—because he discloses <u>no</u> attorneys with whom he has consulted. The Court's form "Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel" makes clear that the Court typically requires a plaintiff to discuss the matter with at least five attorneys before seeking court-ordered representation. But Plaintiff left that part of his motion blank. (*See* ECF No. 4 at pp. 2-3.) Additionally, the Court is unable to fully evaluate the third prong—the merits of Plaintiff's claims—given the lack of information presented in the Complaint, as discussed above in Section II.

Therefore, a decision on Plaintiff's Motion for Appointment of Counsel (**ECF No. 4**) is taken under advisement pending Plaintiff's compliance with this order, including

---

[28] 979 F.2d 1417, 1420-21 (10th Cir. 1992).
[29] *Id.* at 1421.
[30] *Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997).

both a supplement to his Complaint and a supplement to his Motion for Appointment of Counsel. Plaintiff must utilize—and <u>fully</u> complete—this Court's form Motion for Appointment of Counsel, available at:

*http://ksd.uscourts.gov/index.php/forms/?open=SelfRepForms*.

To complete the form, Plaintiff is instructed to <u>discuss</u> this case with—not just contact—at least five attorneys in an attempt to find counsel to represent him in this matter. Plaintiff must include the names and addresses of these attorneys with the supplemental motion he provides to the Court. Plaintiff must file his supplemental Motion for Appointment of counsel no later than **December 28, 2018**.

### IV. Conclusion

In conclusion, the Court enters the following orders, as fully described above:

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (**ECF No. 3**) is **GRANTED**.

**IT IS FURTHER ORDERED** that, no later than **December 28, 2018**, Plaintiff must file an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in Section II of this Order.

**IT IS FURTHER ORDERED** that, no later than **December 28, 2018**, Plaintiff must file an Amended Motion for Appointment of Counsel which identifies those counsel with whom Plaintiff has consulted about representation for this case. Plaintiff's initial Motion for Appointment of Counsel (**ECF No. 4**) is taken under advisement, pending the above-required amendments to the Complaint and the pending motion. If Plaintiff fails to

provide information regarding the attorneys he has contacted, the Court will DENY his Motion for Appointment of Counsel.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an Amended Complaint within the time provided, or if the Complaint, as supplemented, does not remedy the deficiencies set out in this Order, the Court may recommend that this case be DISMISSED pursuant to 28 U.S.C. §1915(e)(2).

**IT IS FURTHER ORDERED** that no summons shall issue in this case until further order of the Court after Plaintiff has filed an Amended Complaint.

**IT IS SO ORDERED**.

Dated this 3rd day of December 2018, at Wichita, Kansas.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge